IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES R. GRADDIC, JR.,**

    Plaintiff,

                                  **Civil Action 2:19-cv-3413**
                                  **Judge Sarah D. Morrison**
    v.                            **Chief Magistrate Judge Elizabeth P. Deavers**

**MEGAN J. BRENNAN,** *et al.*,

    Defendants.

### REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's failure to comply with the Order to Show Cause dated July 28, 2020. (ECF No. 36.)  For the following reasons, The Undersigned **WITHDRAWS** the prior Report and Recommendation (ECF No. 28), which recommended dismissal as to two Defendants for failure to effectuate timely service, and **NOW RECOMMENDS** that the Court **DISMISS** Plaintiff's entire action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

    Plaintiff initiated this lawsuit by filing a Motion for Leave to Proceed *in forma pauperis* on August 8, 2019.  (ECF No. 1.)  On August 12, 2019, the Clerk issued a Notice of Non-Issuance of Summons, directing Plaintiff to resubmit a summons on the proper form and providing Plaintiff with a copy of that form. (ECF No. 2.) The Court granted Plaintiff's Motion to Proceed *in forma pauperis* on August 13, 2019, and, *inter alia*, directed Plaintiff to resubmit a

proper summons in accordance with the Clerk's Notice. (ECF No. 3.)  On November 18, 2019, because service of process had not been completed as required by Federal Rule of Civil Procedure 4(m), the Court issued an Order to Show Cause as to why the action should not be dismissed and why an extension of time to effect service should be allowed. (ECF No. 5.) Plaintiff did not respond to this Order.  On December 9, 2019, the Court issued another Order to Show Cause as to why the action should not be dismissed for failure to prosecute and failure to follow Court orders.  (ECF No. 6, advising that failure to respond to the Order would result in the recommendation that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).)  Upon request by Plaintiff on three different occasions, the Court extended the deadline by which Plaintiff must effect service on Defendants to January 17, 2020, and then to January 29, 2020, and finally to February 10, 2020.  (ECF Nos. 8, 10, 13.)

On February 12, 2020, Plaintiff filed another Motion for Extension of Time to Effect Service, but also submitted summonses and U.S. marshal forms for all but two Defendants. (ECF No. 14.)  The Court denied the Motion for Extension of Time as to those two Defendants, Juan Zamudio and Vanessa Hopkins, and directed the U.S. Marshal to proceed with service of the other six Defendants.  (ECF No. 15.)  The Court dismissed the Complaint as to Defendants Zamudio and Hopkins, and gave Plaintiff until March 24, 2020, to effect service over the remaining six Defendants.  (ECF Nos. 20, 21.)  The docket reflects that summons was returned timely executed as to Defendants Grize, Peetz, Brennan, and Buskey.  (ECF Nos. 22, 26.)  On April 15, 2020, the Undersigned recommended that the action be dismissed as to Defendants Kagy and Spencer pursuant to Rule 4(m) for failure to timely effect service of process of the Complaint.  (ECF No. 28.)  Plaintiff did not file an objection to this Report and Recommendation.

On April 17, 2020, the Court granted Plaintiff's request to continue his case for 6-8 weeks due to personal health reasons. (ECF No. 30.) The Court temporarily stayed the case and directed Plaintiff to file a written status report updating the Court on the status of the case on or before June 17, 2020. (*Id.*) Plaintiff did not file any status report and on June 28, 2020, the Court directed Plaintiff to show cause by August 11, 2020, why the case should not be dismissed for failure to prosecute and failure to follow Court orders. (ECF No. 36.) The Undersigned specifically warned Plaintiff that failure to respond to the Order may result in dismissal of the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*) To date, Plaintiff has not filed a response to the Show Cause Order.

## II.

Under the circumstances presented in the instant case, the Undersigned withdraws the prior Report and Recommendation (ECF No. 28) that recommended dismissal as to only two Defendants, and instead recommends dismissal of Plaintiff's entire action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed.R.Civ.P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir.1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record demonstrates such delay and contumacious conduct. The Court granted Plaintiff's request to temporarily continue the case, and in doing so it set a deadline for Plaintiff to file a written status report updating the Court on the status of the case. (ECF No. 30.) Plaintiff failed to file the written status report. The Court then provided Plaintiff with an opportunity to show cause why this case should not be dismissed for want of prosecution. (ECF No. 36.) The Order provided adequate notice of the Court's intention to dismiss for failure to prosecute and supplied Plaintiff with a reasonable period of time to comply. Plaintiff failed to file a response. Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **WITHDRAWS** the prior Report and Recommendation (ECF No. 28) and **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirity **WITHOUT PREJUDICE** under Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**Date: August 20, 2020**              /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**